## BENOIST & HACKNEY *vs.* INHABITANTS OF CARONDELET.

An instrument of writing, executed on behalf of a corporation, and to which the seal of the corporation is affixed, must be declared on as a bond or sealed instrument, although, in the body of the instrument, it is stated to be a *note*, having the corporate *seal* affixed thereto.

ERROR to the Court of Common Pleas of St. Louis county.

DARBY, *for Plaintiff in Error.*

The cause assigned as special cause of demurrer, on the part of the defendant, is, that the instrument sued upon and set out in the petition was a writing under *seal*, and was declared upon and described as a note.

The instrument, as we have before shown, on its face describes it as a note; it reads as a note; and the chairman so executed it. The seal of the corporation being set upon the same paper on which the note was written, could not make it a bond; and this, too, without the authority of the chairman who executed the note. The seal being attached to the same paper by the register, could not make it a bond when there was nothing in the instrument itself which imported that it was to be a bond.

The seal being attached is only an evidence that it was the act of the corporation, nothing more; and the mere act of the seal being so attached, could not make it a bond, any more than a seal being attached to an ordinance or resolution of the board of trustees could make the latter a bond. The seal was the evidence of the act of the corporation: the note was complete without it; and, according to the reasoning of the defendant, a corporation could not make a note, because the seal being attached would, of itself, without any reference to it in the instrument itself, make it a bond.

The point is so simple, that I do not know that it is necessary to refer to any authorities; nor do I know any that I could refer to, save Chitty on Bills, p. 332, for the definition of a promissory note.

Bogy *and* Hunton, *for Defendant in Error.*

According to all rules of pleading, it is clearly erroneous to sue upon a bond or sealed instrument, as an unsealed instrument; and the petition herein shows the writing to be a bond.

The principle is recognized and settled in the case of Brown *vs.* Lockhart, 1 Mo. Rep., 409.

Tompkins, *Judge, delivered the opinion of the Court.*

Louis A. Benoist and Aaron H. Hackney commenced an action by petition in debt against the inhabitants of the town of Carondelet, and state that they are the legal owners of a note against the inhabitants of the town of Carondelet, to the following effect:—

*"Carondelet, February 16th,* 1841.

" Twelve months after date, the inhabitants of the town of Carondelet promise to pay to Wilson Primm, or order, the sum of two hundred dollars, for value received, negotiable and payable without defalcation, with interest from the date till paid.   In witness whereof, the chairman of the board of trustees of the said town of Carondelet has signed this note, and the register of the said town has countersigned the same, and has affixed hereunto the corporate seal of the said town of Carondelet.          (Signed)        "Joseph Leblond, Chairman.

" Teste,"                                "P. L. McLaughlin, Register." [*Seal.*]
This writing was endorsed by Primm to Benoist & Hackney.   The declaration, or petition, was demurred to, and the cause assigned for demurrer was, that the instrument of writing sued on and set forth in the petition is a writing under seal, and it is described and declared on as a note or unsealed instrument.

The seal put to an instrument of writing which is delivered, makes the difference between a deed which implies a consideration, and a parol agreement in writing, or, in other words, a note.— See Powell on Contracts, 200.

The inhabitants of the town of Carondelet, in this case, act by two agents, the chairman and register.   To the register seems to belong the keeping of the corporate seal.   In private writings there are, in such cases, but two persons in each party, obligor and obligee, and the instrument itself, from the solemn manner in which it is executed, *i. e.*, by affixing the seal of the obligor, implies a consideration which cannot be inquired into at law.   There is still more solemnity in the manner of executing the instrument of writing here under consideration, than in the execution of a private single bill obligatory.   Here are two officers, the one to be a check on the other; the chairman signs the writing, but before it becomes a valid instrument of writing, the register signs and affixes the corporate seal. Then the instrument, on delivery, becomes the deed of the inhabitants of Caron-

*Benoist & Hackney vs. Inhabitants of Carondelet.—Morris vs. Lenox and Martin.*

delet. But it is contended, that by this course of argument, every ordinance of the town becomes a deed. It is an abuse of language to call a law a deed. The law or ordinance is an act of as high solemnity as a deed, and it is as obligatory on those for whose government it is made, as is the writing obligatory on the individuals who execute such writing obligatory.

The writing sued on, then, being stated to be a note, and the writing set out in the petition being a bond or writing under seal, the demurrer to the petition or declaration in debt was, in the opinion of this Court, properly sustained in the Court of Common Pleas.— See Brown *vs.* Lockhart, 1 Mo. Rep., 409.

The judgment is, therefore, affirmed.