## SAVAGE vs. SUPERVISORS OF CRAWFORD COUNTY.

APPEAL FROM CIRCUIT COURT, CRAWFORD COUNTY.

Heard July 23, 1859.]                         [Decided December 14, 1859.

### County Orders—Counties.

A suit may be maintained against a county, upon a county order, after it has been presented to the treasurer of the county, and payment refused. Such an action is provided for by express statute, and gives the judgment creditor a decided advantage over other creditors, or county order holders.

The plaintiff in his complaint claimed to recover upon fourteen county orders, issued by the supervisors of the county, at various times, from the 27th day of November, A. D. 1849, to the 27th day of December, A. D. 1858; that the orders were severally presented for payment to the treasurer of the county, on the 20th day of April, A. D. 1859, and payment refused, and notice to defendant; plaintiff demanded judgment for amount of the orders.

This complaint the defendant answered, denying each and every allegation, matter, fact and thing in the complaint contained.

Upon this issue this cause came on to be tried before the court, at the May term, A. D. 1859, a jury having been waived. Upon the trial the plaintiff, to maintain and prove the issue on his part, introduced, in evidence, a certain county order, in the words and figures following:

$11 06.

No. 177.    To the treasurer of Crawford county.

Pay to Henry W. Savage, or bearer, the sum of eleven dollars, six cents, out of any money in the treasury not otherwise appropriated.

[SEAL.]                               A. BRUNSON, Chairman.

Prairie du Chien, Nov. 27, 1849.

*Attest*, HEMAN BALDWIN, Clerk Board Co. Supervisors, Crawford County, Wisconsin.

Upon the back of the order was the following:

Vol. X.                    4

"Presented for payment, and payment refused, for want of funds in the treasury.

"I. P. PERRET GENTIL, County Treasurer.

"April 20th, 1859."

The plaintiff introduced thirteen other orders, all of the form tenor and effect of the county order above set forth, except as to the dates, amounts, and numbers, which corresponded with allegations in the complaint, and together amounted to the sum of $405 80.

And it was stipulated and agreed between the parties, that the orders were duly issued by the proper constituted authorities of the county, and the same were presented to the proper county treasurer, as appears upon the back of the orders, and that the orders were not paid, for want of funds in the county treasury, and that the same were the property of the plaintiff.

And the court did then and there find and adjudge as follows:

1. That the county orders sued on were issued by the proper constituted authorities of the county.

2. That said orders were presented to the treasurer of Crawford county, and payment demanded of said treasurer, on the 20th day of April, 1859, and payment refused, for want of funds in the treasury.

3. That there is now due to the said plaintif the sum of four hundred and five dollars and eighty cents, the amount due upon the face of said orders. And the court thereupon rendered judgment for said plaintiff, and against said defendant, for the sum of four hundred and five dollars and eighty cents, and cost of suit.

From that judgment the defendant appealed to this court.

*Chas. Dunn* and *O. B. Thomas,* for appellants.

1. The county orders upon which this action is brought, are a county charge, the Board of Supervisors not having authority by law to issue orders, except in settlement of charges against the county; and when so issued, the county is under legal obligation to pay the same. R. S., chap. 13, § 27, sub. 2; id., § 129.

2. No action can be maintained against a county or the Board of Supervisors, for the recovery of a county charge. 2 San., 460; 4 Barb., 64; 12 Conn., 404.

3. It is the duty of the Board of Supervisors to direct the raising of such sums of money as may be necessary to defray

the county charges and expenses, and all necessary charges incident to, or arising from the execution of their lawful authority. R. S., chap. 13, sec. 27, sub. 5, p. 150.

4. It being conceded in this case that there was no money in the county treasury with which to pay these orders, at the time they were presented, a mandamus should have issued to the Board of Supervisors, to compel them to raise by taxation a sum sufficient for that purpose; and a mandamus will not lie where there is a legal remedy. 10 Wend., 363; 2 Cow., 444; 1 Wen., 325; 2 Hill, 45.

*Bull & King*, for the respondent.

The judgment in this case is right, the plaintiff having failed to make the orders available in satisfaction of an original claim against the county; he should be entitled to a right of action against the county. The supervisors of a county are the representatives of the county authorized by law to examine, settle and allow all charges against the county, and when settled to issue county orders therefor. The drafts were not paid, for want of funds. In such a case can there be a doubt that the county is liable on the contracts made by its authorized agents, in business specially committed to them by statue? And being liable, that liability is to be enforced by a suit against the Board of Supervisors of the county, the name by which a county must be sued. Otherwise, a person who has a claim against a county, is without remedy. *Paddock vs. Symonds*, 11 Barb., 117; *Chemung Canal Bank vs. The Board of Supervisors of Chemung County*, 5 Den., 517; *Crawford County vs. Wilson*, 2 Eng., 214; Rev. Stat. Wis., chap. 13, § 42.

A judgment against the county might, and likely would, place the plaintiff in a much better condition to collect his claim against the county.

*By the Court*, COLE, J. The single question arising in this case is, whether an action can be maintained against the supervisors of a county, upon a county order, duly issued, after the same has been presented to the treasurer of the county, and payment thereof has been refused, for want of funds in the county treasury. The general capacity of a county to be

sued upon a claim against it, was not questioned on the argument, neither could it well be, in view of sec. 2, chap. 13, R. S., 1859, which declares that each organized county in the State shall be a body politic and corporate, and as such competent to sue and to be sued, &c.   Nor is it objected that this action is not in conformity to section 19, of the same chapter, which prescribes the name or manner in which a county can be sued.   Conceding that a county, by the laws of this State, is a *quasi* corporation, erected for the purposes of local government, with certain defined powers, capable of being sued, in the manner adopted in this case, on a proper claim ; still, it is insisted by the counsel for the county, that no action can be maintained upon a county order.   No express provision of law is relied upon in support of this position, as prohibiting a suit from being brought upon a county order; but certain considerations of inconvenience and public policy are suggested, for the purpose of showing that an action ought not to be given on such a liability ; and it is said that if an action can be maintained upon a county order, that then in the present embarrassed condition of the finances of many of the counties in the State, and the quantity of unredeemed county orders now in circulation in them, innumerable suits may be instituted upon these orders, and judgments recovered, with *costs*; thus greatly increasing the burdens of the tax payers, by these unnecessary legal proceedings.   It is not to be denied, that there is very great force in these considerations ; and were we at liberty to give a decision to advance that line of policy which would best subserve the interests of the tax payers of the counties, and promote the public good, it is quite probable that we should hold that no action would lie upon a county order.   But it is obvious that these considerations of expediency can have no weight with courts, when the law is clear. It is equally evident, we think, that, under our statute, a county order is a claim or evidence of a county liability, cre-

ated by a competent authority, and may be the ground of an action against the county. In the clearest manner, the county Board of Supervisors are authorized to examine, settle and allow all accounts chargable against the county, and when so settled, may issue county orders therefor, as provided by law. § 27, chap. 13, subdivision 2. The Board are required not to issue, in any one year, a greater amount of county orders than the amount of county tax levied in such county for such year. It is undoubtedly true, that a disregard of this wholesome restriction upon the county boards to issue these orders, has often proved to be very detrimental to the best interests of the counties; but upon the question as to whether an action can be maintained upon a county order, the following section of the chapter determines it conclusively in the affirmative. Section forty-two reads as follows : " No action shall hereafter be maintained by any person against a county, upon any claim or demand, *other than a county order*, until such person shall first have presented his claim to the board of supervisors of such county, for allowance." This language is certain and precise, and clearly conveys the intention of the legislature. That intention was to impose a restraint on the commencement of suits against the county upon a claim, before the same had been presented to the county board for allowance. The county board is the proper authority to settle and allow the claim ; and the right to bring a suit against the county is not complete until the claim has been presented to the board, for allowance. Hence the language : " no action shall hereafter be maintained, by any person, against a county, upon any claim, until, &c. But notice the exception, " upon any claim or demand, *other than a county order ;*" as though the section had read, that no action shall be maintained by any person against a county, upon a claim, until it shall be presented to the county board for allowance, provided that this shall not apply to a county order, upon which an action may

be maintained, without being first presented to the board, for allowance; thus by the strongest implication recognizing the right to maintain the action, when founded upon a county order, without any restriction whatever; but when the suit was instituted upon any other claim imposing the condition that it shall first be presented to the board for allowance, before the action can be maintained. We are unable to perceive how any other construction can fairly be placed upon this section. The plain, obvious idea conveyed by the language used, seems to be what we have above stated. Should this interpretation of the law lead to injurious consequences, the remedy is with the legislature, by amending the statute, and not with the courts, whose duty it is to construe the enactment by the language it contains.

We were referred to some cases, by the counsel for the appellant, to show that no action could be maintained against a county, upon a claim against the same. The answer to this is, that our statute expressly declares otherwise. So, such cases as that of *Wood et al. vs. The County of Hartford*, 12 Conn., 404, do not apply; and as little applicable to the case under review, is the doctrine laid down in *Brady vs. Supervisors of New York*, 2 Sand. Sup. Ct., 460. In the latter case, an action was brought upon a claim for services rendered by counsel for the Board of Supervisors, without submitting the claim to the Board, to be settled and allowed. The court held that the action would not lie. See the case of *Lyell vs. The Supervisors of Lapier County*, 6 McLean, 446, where the court decided that an action could be maintained upon a county order, in the United States Court, when the sum in controversy, and the character of the parties, gave the court jurisdiction.

It was contended, that since, in this case there was no money in the county treasury, with which to pay the orders sued upon, the respondent's remedy was by mandamus to

compel the county board of supervisors to raise by taxation a sum sufficient to pay them. Whether a writ of mandamus would lie under such circumstances, admits of some doubt; but it is not necessary to decide the point in this case. As a general rule, a party will not be entitled to a writ of mandamus when he has any other legal remedy; and if our view of the statute be correct, he may bring his action upon the county order, and recover judgment. As an argument to show that the action would not lie upon the order, it was suggested that when a party obtained his judgment, he was not in a much better position, so far as obtaining his money was concerned, than when he held the order. But this is a mistake, as section 24 gives a party obtaining a judgment against a county, a decided advantage over one holding a county order. In a certain contingency, he can have execution upon his judgment.

We think these observations sufficiently dispose of the questions in this case. The judgment of the Circuit Court is affirmed.