## MARKWELL *vs.* BOARD OF SUPERVISORS OF WAUSHARA COUNTY.

APPEAL FROM CIRCUIT COURT, WAUSHARA COUNTY.

Heard July 23, 1859.]                    [Decided December 14, 1859.

### *County—Complaint—Demurrer.*

An action can be maintained against a county, upon a county order, after the same has been presented to the county treasurer for payment, and payment refused for want of funds in the treasury.

If a complaint is not sufficiently certain, the remedy is not by demurrer, but by motion to have the same made more definite and certain.

The facts in this case will be readily gathered from the decision of the circuit judge, and from that of this court. The opinion of Judge Cate is as follows:

" The complaint in this action sets up a claim, on the part of the plaintiff, against the county, based upon county orders, issued by said county. The defendant, by its counsel interposed a demurrer, claiming that the complaint, admitting it to be true, establishes no claim against the county that can be the subject matter of a suit.

" In my judgment the demurrer is well taken, and must be sustained for the reasons following: The authority for issuing county orders, and the way and manner of cancelling

them, are entirely statutory. Provision for their payment is also made by statute. County orders shall be received in payment for county taxes, so shall jurors' certificates; and sec. 129, chapter 13. of Revised Statutes, provides that county orders, properly attested, shall be entitled to a preference as to payment, according to the order of time in which they may be presented to the county treasurer; and our statutes contain liberal provisions for the redemption of county orders, by compelling collectors to receive them for taxes, and county treasurers to receive them from the town collectors.

" Aside from the statute, there is no method of enforcing payment of county orders; but the holder is compelled to pursue the mode pointed out; the whole tenor of our laws in regard to the issuing of county orders, the receiving them for taxes, and payment at the county treasury in the order of time in which they are presented, precludes the idea that a suit against the county can be predicated thereon, upon the failure of the treasurer to pay them on presentation.

" Then, again, upon general grounds of public policy, in my opinion, the right of the holder of a county order to maintain a suit thereon does not exist. The county board is in duty bound to raise a tax sufficient to pay the indebtedness of the county, outstanding orders, &c., and upon a refusal to do so, unquestionably could be compelled to perform that part of their duty. The board is under obligation to provide for the outstanding orders, and good faith to creditors and their absolute right, would oblige it to raise a tax sufficient for that purpose. In what better light would the holder of a county order stand after having obtained his judgment ? He must then resort to the county board, and a special tax must be levied to pay the judgment.

" But suppose the board refuse, he must then resort to some power to compel them to do it; that tax may all be collected, or a part may be returned delinquent. So it must be seen that the holder of a county order does not materially advance his interest by suing, even if he had the right to do so, but the county would be immersed in a heavy bill of costs, in many cases exceeding the original demand. Section 42, chapter 13, cannot be construed as authorizing the maintaining of a suit against a county upon a county order, but was enacted to compel persons having claims other than county orders to present them to the county board for allowance before bringing suit upon them. The right to bring suit upon county or-

ders, if once established, would lead to unpleasant consequences; it would cause derangement in the finances of the county—the funds of the county would be liable to be intercepted before reaching the treasury, by being levied upon to satisfy unpaid judgments. Town treasurers would be garnisheed, and much confusion and disorder would ensue.

There being no express statute authorizing a proceeding of this kind, I am of opinion, upon grounds of public policy, that the right to sue a county upon a county order, does not exist.

"The reasoning of the supreme court, in *Keep vs. Frazier,* 4 Wis., 224, perhaps has some bearing upon the case at bar.

"Demurrer sustained."

Upon filing this decision, judgment was entered in favor of the defendant and against the plaintiff for costs.

From this judgment the plaintiff appealed to the supreme court.

*Spencer & Firmin,* for appellant.

*Abbott, Gregory, & Pinney,* and *W. H. Webb,* for the respondent.

*By the Court,* Cole, J. This was an action commenced by the appellant for the recovery of the amount of certain county orders, issued by the board of supervisors of Waushara county. The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the cause comes to this court, on appeal, from the order sustaining the demurrer.

In the case of *Thomas A. Savage vs. The Board of Supervisors of Crawford, Crawford County,* just decided, *supra* 49, we held that an action could be maintained against the board of supervisors, upon a county order, after the same had been presented to the county treasurer for payment, and payment refused, for want of funds in the treasury. It is unnecessary to re-assign here the reasons which led us to this conclusion.

The decision in that case disposes of this appeal. The circuit court, in sustaining the demurrer, placed his decision upon the ground that an action would not lie upon a county order. In this, we think, he was in an error.

Another reason has been assigned here in support of the demurrer, which is, that the complaint is not sufficiently certain as to the amount of each order, to whom they were directed, and by whom signed, &c. If the complaint was defective for want of certainty, the remedy under the code was by motion to have the same rendered more definite and certain.

The order of the circuit court, sustaining the demurrer, is overruled, with costs, and the cause remanded for further proceeding according to law.