HERMAN G. R. HELFER, Plaintiff in Error, *vs.* ALDEN, CUTTER
& HULL, Defendants in Error.

ERROR TO THE DISTRICT COURT OF HENNEPIN COUNTY.

No instruments are negotiable but regular promissory notes and bills of exchange. An instrument
under seal, though in the form of a promissory note, is not a negotiable instrument, unless
expressly made so by statute. But although not negotiable, yet if it be indorsed by the payee,
the indorsement, as between him and his immediate indorsee, ordinarily creates the same liabil-
ities and obligations on the part of the payee, as the indorsement of a negotiable note, but not as
to subsequent holders, unless the indorsement makes it payable to the indorsee or his order, or
the indorser expressly promises to pay the note to the holder, in consideration of the indorsement.

The complaint in this action was founded upon a promissory
note, of which the following is a copy:

"ST. ANTHONY, MIN., February 24th, 1859.
" $200.·
" Four months after date, for value received, the Regents of
the University of Minnesota promise to pay to the order of
Alden, Cutter & Hull, two hundred dollars, with interest at the
rate of one per cent. per month till paid.
(Signed) "THE REGENTS OF THE UNIVERSITY OF MINNESOTA,
                                "FRANKLIN STEELE, President.
"Per I. ATWATER, Secretary."
Endorsed by the payees and by Alexander Kinkead.

Upon the trial, the Plaintiff, to prove the issues on his part,
offered in evidence an instrument of which the foregoing is a
copy, except that it was under the corporate seal of the Regents
of the University, and had attached thereto a certificate of a
notary, to the effect that the note had been presented when
due, payment demanded and refused, and that he had protested
the same for non-payment, &c. The Plaintiff offered no other
evidence, except the note and certificate attached, and the
Court directed the jury to find a verdict for the Defendants.
A motion for a new trial was made upon the minutes of the
Court, which was denied.
42½

The following are the points and authorities relied upon by the Counsel for the Plaintiff in Error:

*First.*—Every indorser of a negotiable promissory note, contracts with his indorsee and all succeeding holders of the same, that the note is genuine, and will be paid according to its terms, and in default of payment, upon proper demand and notice, becomes liable to such parties as a new maker. *Byles on Bills, page* 117, *and authorities there cited; Bayley on Bills, page* 149; *Young vs. Brian,* 6 *Wheaton R.* 146; *Cadwie vs. Gleason,* 3 *Day,* 12; *Oliver vs. Audry,* 7 *Conn. R.* 496; *Edwards on Bills and Notes,* 291.

*Second.*—The note in suit was valid as between the maker and the payees. *See Compiled Statutes, page* 350, *Sec.* 7; 15 *Wendell R.* 256.

*Third.*—A seal put upon an instrument in writing, in all other respects a promissory note, is a superfluity, and in no manner changes or varies the contract. It cannot give to such contracts any more validity or force, than they have by the law merchant without it, (for consideration is always presumed in favor of such paper). Why should it take from such paper any of the characteristics or validity which the law merchant gives? The object and use of the seal is to make more solemn and binding a legal contract, not to change such contract or to render it uncertain; and an instrument in all respects a negotiable promissory note, should be held such, notwithstanding a seal.

*Fourth.*—The seal of a corporation, attached to a contract otherwise simple, does not render the instrument a sealed instrument within the meaning of the statute and laws. The seal in such a case is only matter of authentication and genuineness, and does not determine the character of the instrument, to which it is attached. A corporation can act only in such way. 1*st Vol. Black. Com., page* 476.

*Fifth.*—If the payee of a promissory note *not negotiable,* or of an instrument in its terms a promissory note, indorses the same, he becomes liable on his indorsement, to his indorsee and subsequent holders. *Byles on Bills, page* 113, *as numbered on margin.* For every indorser of a note is in the nature of a new

maker. *See numerous authorities cited by Sharswood to above text, page* 113 *of Byles above cited; Bayley on Bills,* 152; *Prentiss vs. Donelson,* 5 *Conn. R.* 175; *Huntington vs. Harvey,* 4 *Ib.* 124.

*Sixth.*—The fact that the corporate seal was attached to the note offered in evidence, was no such variance from the note set out in the complaint as could surprise or mislead the Defendants, and did not change the contract, and cannot be held fatal. *Compiled Statutes, page* 543, *Sec.* 86. The note was offered only to prove indorsement by Kinkead. *See Folio* 23 *of case.*

The following are the points and authorities relied upon by Counsel for the Defendants in Error:

*First.*—The complaint sets forth a negotiable promissory note, and seeks to charge the Defendants as indorsers, and the paper offered in evidence is *under seal*, is *non-negotiable*, and of course a *specialty*.

It was inadmissible to charge Defendants as indorsers, and it was inadmissible to show *demand and notice*, because it varied from the instrument set forth in the pleadings, and would have furnished no evidence of demand, protest, or notice of non-payment of the note set forth in the complaint.

*Second.*—If the instrument offered in evidence is a *specialty*, then no action can be maintained against Defendants as indorsers, by the indorsee.

The effect of affixing the seal of a corporation is the same as when a seal is affixed by an individual, and makes the instrument a specialty. *Clark vs. The Farmer's Man'g Co.,* 15*th Wendell R.* 256; 1*st Vol. Black. Com.* 476; 2*d Ib.* 305; *Warren vs. Lynch,* 5*th Johns. R.* 239.

If the doctrine laid down as above be correct, then it was immaterial to show notice of non-payment of a specialty.

*Third.*—The notarial certificate offered in evidence referred to the instrument annexed to it, and that was the instrument under *seal*, and not the note set forth in the complaint. Hence, its introduction would in no way tend to prove protest and notice to the Defendants of non-payment of the *note* on which the action was based.

*Fourth.*—If the corporate seal makes the instrument a *specialty*, it was of course non-negotiable, could not be transferred by endorsement, and even with notice would not charge the Defendants as endorsers. *See* 15*th Wend. R.* 256, *and cases there cited.*

*Fifth.*—It is unnecessary to determine whether the Regents of the University had power to execute the instrument under seal or not, and I confine myself to the actual issue in this case. 'Tis a very simple one, and amounts to just this:

The action is based upon a negotiable note, (see complaint,) seeking to charge the Defendants as endorsers of that instrument; it charges demand of payment of *that* note, notice of non-payment to Defendants, and protest. The answer puts in issue the demand, the protest, and the notice to Defendants. It then became incumbent on Plaintiff to support his action, to show not only a demand and protest of the *identical* note in the complaint mentioned, but also a notice to Defendants of the presentation to the maker for payment of that same *identical* note and *its* non-payment.

This he failed to do—he did not even attempt to do it. His offer was simply to introduce a *sealed* instrument, *not set forth in his complaint*, not transferable so as to charge them as indorsers.

In short, there was a fatal *variance* between the *note* set forth in his complaint, and the *specialty* he sought to introduce and recover upon.

SANBORN, FRENCH & LUND, Counsel for Plaintiff in Error.

JAS. R. LAWRENCE, Jr., Counsel for Defendants in Error.

*By the Court*—EMMETT, C. J.  A careful review of the authorities leads to the conviction that the rule on the subject of the negotiability of notes and other contracts, is correctly stated in the case of *Burkhead vs. Brown,* 5 *Hill,* 635–646, where it is held that in this country no instruments are negotiable but regular promissory notes and bills of exchange. An instrument under seal, though in the form of a promissory

note, is not a negotiable instrument, and has never been held to be negotiable except in those States where the rule has been changed by statute. Our State, however, has not altered the rule. The language of our statute is, so far as it goes, in the precise words of the 3 & 4 and 7 *Anne*, and the English statute has always been construed not to extend to notes under seal, which are more properly bonds or single bills.

But although a note may not be negotiable, yet if it be indorsed by the payee, the indorsement, as between him and his immediate indorsee, ordinarily creates the same liabilities and obligations on the part of the payee as the indorsement of a negotiable note, but not as to subsequent holders, unless the indorsement makes it payable to the indorsee or his order, or the indorser expressly promises to pay the note to the holder in consideration of the indorsement. *Story on Promissory Notes*, Sec. 128, *and authorities cited in note* (1). Such subsequent holder, however, always had a remedy against the payee and maker, for he might use the name of the payee, even without his consent, in an action against the maker, and that of the indorsee of the payee in an action against the payee—the great difference being, that he took the note subject to the equities existing between the original parties, and could not sue in his own name. *Chitty on Bills*, 142. But in equity he could maintain a suit in his own name against any or all the parties, and in this State he not only may, but is expressly required to bring the action in his own name, he being the real party in interest. *Story on Promissory Notes*, Sec. 129; 3 *Watts & Sargeant*, 410; 1 *American Leading Cases*, 323; *Com. Statutes of Min.*, 534, Sec. 27.

The reason of this doctrine, as given by Judge STORY, is very satisfactory, and applies as well to notes under seal as to any other non-negotiable note: "Every indorsement," says that learned writer, "operates, in legal contemplation, between the parties thereto, as the drawing of a bill of exchange, by the indorser in favor of the immediate indorsee. It is, in fact, a request of the indorser, that the maker (who stands in this respect very much in the situation of an acceptor) would pay the amount to the indorsee or other holder, if the indorsement

is not restrictive. Indeed, it may be treated with strict propriety as an authority given to the indorsee to receive the money due on the note, and also as an undertaking that it shall be paid to him upon due presentment, and therefore as involving, in case of dishonor, and due notice thereof, the ordinary responsibility of an indorser of negotiable paper. But the same considerations do not apply to a subsequent indorsee, under the immediate indorsee of the payee of a non-negotiable note; for the like privity does not necessarily exist." *Story on Promissory Notes, Sec.* 129; 2 *Dall.* 249; 6 *Cranch*, 222–4.

A person endorsing a note not negotiable, certainly intends to make himself liable in some capacity. Very frequently the indorsement alone is what gives credit to the instrument, and consequently is the only inducement for taking it. If therefore, the endorser in such cases is not responsible on his indorsement, it amounts to a denial of justice.

In some of the States, as Connecticut, the indorser of such paper is held as a surety, and liable only when due diligence has been used to collect the note of the maker. 4 *Conn.* 125, 5 *Conn.* 175. In others, as in New York, he is regarded as a maker or guarrantor and liable at all events, without being entitled to the usual privileges of an indorser of negotiable paper. 8 *Wend.* 421-2, 12 *Johns. R.* 159, 17 *do* 326. But in whichsoever he may be held, it is essentially necessary, and especially so, under our system of pleading, that the complaint should state the facts as they actually exist.

In the present case, the instrument as declared upon, and set forth in the complaint, is in all respects a negotiable promissory note. The answer does not deny the making of such a note, but it distinctly puts in issue one of the alleged indorsements as well as the presentment, demand, protest and notice alleged in the complaint. It devolved upon the Plaintiff therefore to establish all these issues affirmatively, or fail in his action. The only evidence, however, which he offered was the production of an instrument, indorsed it is true, as alleged in the complaint, and in all other respects like the instrument therein described, save that it was under the corporate seal of the makers, the Regents of the University of Minnesota. To

43

this instrument, was attached a certificate also offered in evidence, of a notary public to the effect that the note attached had been presented when due; and payment demanded and refused, and that he had thereupon protested the same for non-payment, and had on the same day notified the several indorsers of such presentment, demand, refusal and protest.

Now all this was no doubt true, but still it was no evidence of either the indorsement, demand, protest or notice averred in the complaint and put in issue by the denials of the answer. The instrument produced in evidence, and to which alone the certificate of the notary applied, was not the one declared on. The one was a negotiable promissory note, while the other, although in form a promissory note, yet being under seal was not a negotiable instrument. If the Plaintiff by his averments intended really to refer to the instrument offered in evidence, he did not describe the instrument according to its legal effect. The learned Judge held, and we think correctly, that there was a substantial variance between the allegations and the proofs, and that the evidence offered did not tend to sustain the issues on the part of the Plaintiff. The Plaintiff did not ask to amend according to the fact, but excepted to the ruling of the Court, and moved for a new trial on the ground of alleged error in the ruling of the Judge. The motion for a new trial was on the hearing denied, and the Plaintiff sued out a writ of error from this Court.

We see no error in the record or proceedings before us, and must therefore affirm the judgment of the District Court.

Justice Atwater being Secretary of the Board of Regents who were the makers of the note, took no part in this decision.