## TERRY VS. THE CITY OF MILWAUKEE.

The charter of the city of Milwaukee gives the president and secretary of the school board authority to draw orders upon the city treasurer, payable out of the school fund, for amounts duly allowed by said board, and makes it the duty of the treasurer to accept and pay such orders out of school moneys in his hands.

Such orders are evidences of indebtedness, upon which, if payment is refused by the treasurer for want of funds, an action will lie against the city.

An allegation in a complaint that an order was drawn on the treasurer directing him " to pay" (no day of payment being mentioned), imports that the order was payable on demand.

The court will take judicial notice of the charter of the city of Milwaukee and the acts amendatory thereof, as being public acts.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint stated that on the 1st day of July, 1859, at, &c., the defendant, by the president and secretary of its board of school commissioners, made its order in writing of that date, requiring the treasurer of said city to pay to one Pomeroy or bearer, $83.33, with interest at the rate of ten per cent. from the date thereof, out of any money belonging to the school fund, the same having that day been allowed for salary as a teacher, and delivered the order to said Pomeroy, who afterwards sold and transferred it to the plaintiff; that on the 3d day of May, 1860, the plaintiff presented said order to the treasurer of said city and demanded payment thereof, which was refused, &c.

There were several other counts in the complaint upon similar orders. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled.

*J. La Due,* for the appellant.

*Palmer & Stark,* for the respondent.

September 1. *By the Court,* COLE, J. The complaint in this case was demurred to for insufficiency, because it did not state facts constituting a cause of action. Several objections are taken to the complaint, all of which we deem untenable.

In the first place, it is insisted that it does not appear that the officers of the school board of the city of Milwaukee had

June Term, 1862.

TERRY
v.
CITY OF MIL-
WAUKEE.

any power or authority to make and execute the orders mentioned in the complaint, nor to do the acts it is alleged they have done. But this, we think, is a mistake. For the court must take judicial notice of the provisions of the city charter and the laws amendatory thereof, being public acts —and it will be seen that sec. 13, chap. 190, P. & L. Laws, 1859, p. 323, most clearly confers upon the president and secretary of the school board authority to draw such orders upon the city treasurer. The same section likewise makes it the duty of the city treasurer to accept and pay such orders out of the school moneys in his hands.

It is further objected, that it does not appear when these school orders were to be paid; nor that the time limited for their payment had expired. The fair and natural import of the language of the complaint is, that the orders were payable on demand. It is alleged that the orders were presented to the city treasurer at his office, and payment demanded, which was refused. There surely could be no object in demanding payment of an order not due, and we therefore think it but fair to assume, from the allegations of the complaint, that the orders were payable on demand out of any money in the hands of the treasurer which could be properly applied to that purpose.

It was also contended that the orders drawn by the officers of the school board did not constitute any debt or create any liability against the city upon which an action at law could be maintained, because it is said that the city is but a mere trustee of the school fund for the purpose of disbursement and safe keeping, and when it applies that fund in payment of the orders drawn by the officers of the school board, its duty and liability in the premises cease. The holder of these orders, it is claimed, stands in precisely the same relation to the city, that the holder of a check upon a bank, drawn by a party having no funds in the bank, does in respect to the bank upon which it is drawn. It appears to us that this is an erroneous view of the subject. According to our understanding of the matter, the school board is not a distinct and independent corporation by itself, but is a mere branch of the city government. The orders drawn by the

officers of the school board are as much evidence of the indebtedness against the city as an order drawn by the mayor and clerk would be. The orders are drawn by the officers of the city government for a purpose apparently within the scope of their powers, and are liabilities against the city, for the payment of which suitable provision should be made. It is quite true that the law provides that the school fund shall be exclusively applied to the payment of the teachers' salaries, and the other necessary current expenses of the public schools. But suppose the fund is inadequate and insufficient to meet these expenses and discharge the orders of the school board, is there no remedy against the city? We have no doubt about the liability of the city on these school orders. And it is the duty of the city authorities to raise money to pay them, as much as to discharge any other just indebtedness against it. The school board has no power to levy taxes or provide means to pay the various debts of the city, while it is very clear that the common council has ample power for this purpose. But if the city authorities neglect to exercise this power, or fail to levy and collect a revenue sufficient to meet its indebtedness, this is no reason why it should be relieved from all liability to those who have just claims against it for teaching its public schools. It seems to us there can be no doubt about the correctness of these principles of law.

It may be said that a party obtaining judgment against the city on one of these school orders will be in no better condition than before, but will have to resort to a *mandamus* to compel the city authorities to levy and collect a tax to discharge it. This may all be true, but it still affords no satisfactory reason why he should be deprived of his action upon the orders. The remedy may not advance him much towards realizing his money, but the courts cannot shut their doors against him on that ground. If they are just and legitimate claims against the city, he is entitled to his remedy, although that remedy may not be very effectual for the purpose for which it is invoked.

We think the demurrer to the complaint was rightfully overruled.

The order of the circuit court is affirmed.