Richmond, P. J.
This was an action on county orders. The single issue tendered for our determination is, whether or not the statute of limitations can be interposed by the county as a defense to its orders property issued, and second when the statute commences to run.
The first question seems to be well settled.
In this state counties are declared to be bodies corporate with power to contract, and sue and be sued. This undoubtedly carries with it the right when sued to interpose every* defense, legal and equitable, which it may have, including the statute of limitations. Baker v. Johnson Co., 30 Iowa 151; Goldman v. Conway, 2 McCrary 328; Wood on Limitation of Actions, § 53; Evans v. Erie Co., 66 Pa. St. 222; *146 County of Lancaster v. Brenthall, 29 Pa. St. 38; Pelton v. Supervisors of Crawford Co., 10 Wis. 69.
The above authorities by no means exhaust the list supporting this position.
The next and most important question is as to the time when the statute begins to run. The orders in this particular case were issued September 16, 1882, amounting to ten in number, an'd for the aggregate amount of 1384.80, and drawn payable out of any money in the county treasury not otherwise appropriated. On the 2d day of October, 1882, they were duly presented to the treasurer of the county for payment by the holder and were indorsed by the treasurer of that county,—“ Presented for payment October 2, 1882. No funds. These warrants draw interest from above date at ten per cent per annum.” This action was commenced on the 15th day of July, 1890. The orders themselves do not fix any time when they are payable. They are orders by which the- county (the drawer) authorizes the treasurer to pay certain sums of money. They are a means of payment which furnishes a convenient system of vouchers for the disbursement of the money of the county. The statute denominates them as orders. Gen. Stats. 1883, §§ 544, 546, 554, 556, 367.
The statute manifestly intended that the orders should be presented to the county treasurer for payment, for, by section 637, Gen. Stats. 1883, it is provided,—“ That county orders properly attested shall be entitled to a preference as to payment according to the order of time in which they may be presented to the county treasurer ” * * *.
They are orders for the payment of money on demand; the statute provides the manner in which the demand shall be made and the indorsement of the treasurer is an accept•ance of the orders, a promise to pay the money from and after such presentation and acceptance. The debt is due and payable at that time and the holder has a cause of action and the authorities support this position.
In the case of Terry v. City of Milwaukee, 15 Wis. 490, *147 it is held that an order drawn on the treasurer of the city of Milwaukee directing him to pay, no day of payment being mentioned, imports that the order was payable on demand out of any money in the hands of the treasurer which could be properly applied to that purpose.
In the case of International Bank of St. Louis v. Franklin County, 65 Mo. 105, it is held that a county warrant payable out of any money in the treasury appropriated for county expenditures is a written acknowledgement of indebtedness by the county and if not paid, when presented, may be sued on by the legal holder, although there is no money in the 'treasury to pay. The court in announcing the opinion in that case uses the following language: “ A warrant is both a judicial ascertainment- and a written acknowledgment of indebtedness by the county.” Campbell v. County of Polk, 3 Iowa 467; Mills Co. Nat. Bank v. Mills Co., 67 Iowa 697.
In the case of Packard v. Town of Bovina, 24 Wis. 382, it was held that, “A town is not liable on an order drawn against its treasurer, until after demand and refusal of payment.”
A suit may be maintained against the county upon a .county order after it has been presented to the treasurer of the county and payment refused. Savage v. Supervisors of Crawford Co., 10 Wis. 49; Markwell v. B. of Supervisors of Waushara Co., 10 Wis. 73.
By the express terms of the statute, the statute of limitations begins to run from the time when the right of action accrues. Section 2163, Gen. Laws 1883. And in all cases where a demand is necessary to fix the liability of the party, except where, as is the ease in several of the states, provision is made in the statute that when a demand is necessary before an action can be brought it shall be deemed to have been made at the time when the right to make the demand accrued, the statute of limitations is not put in motion until such demand is made. Wood on Limitation of Actions, par. 117,118.
These authorities and many others that might be cited, *148 coupled with the sections of the statute, clearly warrant the foregoing conclusion. This being so, and it appearing upon the face of the complaint that more than six years had expired from the time of presentation to the time of the institution of the action, there is no escaping the conclusion that the judgment of the court in sustaining the demurrer to the complaint was correct.
It may be well to remark in this connection that this opinion is based upon the provisions of the General Statutes of 1883. Since that time radical changes have been made by the legislature with reference to the manner of allowing and paying county indebtedness. This opinion has no application to the existing statute.
The judgment of the court below must be affirmed.

Affirmed.