### HEFFLEMAN v. PENNINGTON COUNTY.

1. The effect of affixing the corporate seal to a contract is the same as when an individual affixes his seal. It makes the instrument a specialty.
2. Section 603, Comp. Laws, requires the seal of the county to be attached to every county warrant. This makes such warrant a "sealed instrument," within the meaning of section 4849, Comp. Laws, providing that actions on "sealed instruments" shall be brought within 20 years.
3. An ordinary county warrant on the general fund, regularly issued, constitutes a *prima facie* cause of action against the county, and an action may be brought directly on such warrant.
4. Where such warrant is in form payable to bearer, its possession and presentation by plaintiff at the trial is *prima facie* evidence of plaintiff's ownership, even though such ownership is denied in defendant's answer.

(Syllabus by the Court. Opinion filed June 18, 1892.)

Appeal from circuit court, Pennington county. Hon. JOHN W. NOWLIN, Judge.

Action to recover on county warrants. Defendant answering denied the allegation of ownership and pleaded the statute of limitations. Judgment for plaintiff. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*Charles W. Brown, State's Attorney,* and *Wm. Gardner,* for appellant.

The statute of limitations applies to counties as well as individuals. Wood, Limit. Act. § 53; Baker v. Johnson, 33 Iowa, 151; City v. Church, 8 Ohio, 298; City v. Evans, 5 Ohio St. 594; Pimental v. San Francisco, 21 Cal. 367; St. Charles v. Powell, 22 Mo. 525; Evans v. Erie Co., 66 Pa. 222; Lancaster v. Brinthall, 29 Pa. 38; 1 Dill. Mun. Corp. § 504; 2 *Id.* § 668. The statute begins to run on county warrants either from date of issue or from date when payment is refused. Scriber v. Town, 73 Wis. 5; Village v. Albee, 24 Neb. 242; May v. School, 22 Neb. 203; Carpenter v. District, 58 Iowa, 335; Eureka v. Cramer, 12 S. W. 878; King v. County, 27 Fed. 800. When a warrant is drawn on a special fund the cause of action accrues when there is money in such fund not otherwise appropriated. Wetmore v. Monona, 73 Iowa, 88; Grayson v. Lathon, 48 Ala. 546; County v. Lunnig, 133 U. S. 529.

The statutes of limitations are "statutes of repose," entitled to the same respect with other statutes, and ought not to be explained away. U. S. v. Wilder, 13 Wall. 254; Leffinwell v. Warren, 2 Black, 599; Lewis v. Marshall, 5 Peters, 470; Clementson v. Williams, 8 Cranch, 72. A county warrant is not an instrument for the payment of money, but an evidence of indebtedness. Dana v. San Francisco, 19 Cal. 486; Martin v. Id., 16 Cal. 285; Argenti v. Id. 16 Id. 275.

An objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by failure to make it in the court below. Porter v. Booth, 1 S. D. 558; Gallaway v. McLean, 2 Dak. 372. A county warrant, although payable to "A or bearer," is not transferable by delivery. People v. Gray, 23 Cal. 125.

The warrants, though attested by the clerk with his seal, are not sealed instruments. Dinsmore v. Duncan, 57 N. Y. 577. The assignment of the warrants is a material fact to be pleaded and proved, without proof of which respondent cannot recover. Cumins v. Lawrence Co., 1 S. D. 158.

*Wood & Buell*, for respondent.

County warrants are sealed instruments. Section 39, c. 21, Pol. Code; Helfer v. Alden, 3 Minn. 232; Brown v. Jordhal, 19 N. W. 650; Steele v. Oswego, 15 Wend. 266. The transferee can maintain an action in his own name. Sections 2879, 2876, 3549 and 4877; Comp. Laws; 1 Daniel, Neg. Inst. 33. These warrants are domestic judgments. Section 27, c. 21, Pol. Code, 1877; Brewer v. Otto, 1 Neb. 373; King v. Otto, 124 U. S. 459. The possession of instruments payable to bearer is *prima facie* evidence of ownership, and the real owner may bring suit in his own name. Brown v. Board, 1 G. Greene, 486; Steele v. Davis, 2 Id. 469; Campbell v. County, 3 Iowa, 467; Martin v. Dakota Co. 27 How. Pr. 161; Waits, Act. & Def. 567; Gibson v. Bank, 98 N. Y. 87.

KELLAM, P. J. This action was brought by respondent, as plaintiff, in July, 1890, on three several county warrants, in the usual form, dated and purporting to have been issued by appellant county in 1878. Each was indorsed, "Not paid for want of funds." and "Registered for payment," etc.; the indorsements being signed

by the county treasurer, and bearing date shortly subsequent to the dates of the warrants respectively. The complaint alleged that each of said warrants was sold, assigned, and transferred to respondent by the respective payees thereof before the commencement of the action. The county denied the allegation of ownership, and pleaded further that neither of the said causes of action accrued within six years before the commencement of the action. Upon the trial the warrants were introduced by plaintiff, and received without objection. The defendant introduced evidence tending to show that in the years 1879, 1880, 1881, and 1882, there were funds in the county treasury for the payment of warrants. The court directed a verdict for the plaintiff, and from the judgment entered thereon this appeal is taken. For a reversal appellant relies upon three propositions: (1) That the causes of action are barred by the statute of limitations; (2) that the complaint does not state facts sufficient to constitute a cause of action; and (3) that the evidence is insufficient to justify the verdict.

Section 4849, Comp. Laws, fixes the time within which an action may be brought upon "a sealed instrument" at 20 years; and section 4850 limits the time to 6 years for action on a "contract, obligation, or liability, express or implied, except those mentioned in said section 4849." Counsel did not agree as to when the statute of limitations commenced to run on these warrants; but, if they were "sealed instruments," within the meaning of said section 4849, then the action was commenced in time, without regard to whether the statute commenced to run from the date of the warrants, the date of their presentation for payment, or the time when there was money in the treasury for their payment. Under the statutes of this state, is a county warrant a "sealed instrument?" The practice of using seals for the purpose of giving authenticity to written instruments is of great antiquity. In early and illiterate times it became a convenient mode of executing instruments which the contracting parties were unable to sign by writing their names. As the art of writing became more common, however, the practice of signing by sealing gradually fell into disuse, until in modern times the seal stands not for the

signature, but is used in addition thereto, and is taken to indicate greater deliberation and solemnity than simply signing the name, This use of the seal is now so universal and so well understood that all contracts are divided into two general classes,—contracts under seal, and contracts not under seal, and this distinction applies as well to the agreements of corporations as to those of individuals. The effect of affixing the corporate seal to a contract is the same as when an individual affixes his seal. It makes the instrument a specialty. Clark v. Manufacturing Co., 15 Wend. 256; Steele v. Manufacturing Co., *Id.* 265; Helfer v. Alden, 3 Minn. 332, (Gil. 232;) Porter v. Railroad Co., 37 Me. 349; Insurance Co. v. Young, 1 Cranch, 332; Ang. & A. Corp. § 223. This rule appellant concedes, so far as it concerns private corporations, but insists that it never applied to public or municipal corporations. In his work on Municipal Corporations, § 190, (4th Ed.) Judge Dillon says: "Respecting seals, the same general principles apply to private and to municipal corporations." In Borough of Port Royal v. Graham, 84 Pa. St. 426, the action was upon a county warrant, to which was pleaded, among other things, the statute of limitations as to simple contracts. The trial court held: "The corporate seal appearing on the paper, and proved to be such, makes the paper a specialty, and the statute does not bar it." The court rendered judgment on the warrant, and upon appeal the supreme court affirmed the judgment, without comment, however, upon this particular question. In Benoist v. Inhabitants of Carondelet, 8 Mo. 250, the action was upon an instrument in the form of a promissory note signed by the chairman and register of the town, and sealed with the corporate seal. Plaintiff declared upon it as a simple contract, and defendant demurred. The court sustained the demurrer, on the ground that the writing was an instrument under seal, and not a simple contract. Gilman v. School Dist., 18 N. H. 215, was an action in *assumpsit* on a contract for building a schoolhouse. The contract was signed by the district officers, and the seal of the district affixed. The court held that such sealing constituted the contract a specialty, and *assumpsit* could not be maintained upon it. In Crudup v. Ramsey, (Ark.) 15 S. W. Rep. 458, action was upon a

county warrant, and the question was there, as here, whether the action was barred by the statute of limitations. The court held that it was, but seems to rest its conclusion upon the fact that the law did not authorize the sealing of the warrant. The opinion says: "The law does not require or authorize the issuance of warrants under seal, and the clerk could not, after drawing them as the law directs, add to their dignity or effect by the unauthorized affixing of the seal;" thus intimating that, if the seal had been authorized or required, it would have impressed the instrument with a different character. The remarks of Judge CALDWELL in Goldman v. Conway Co., 10 Fed. Rep. 888, are suggestive in the same direction. The action was upon county warrants, and it was held that, where a county may be sued on its warrants, and compelled by *mandamus* to levy a tax for their payment, the statute of limitations begins to run against such warrants from the date of their issue; but the opinion concludes as follows: "The form of warrant prescribed by statute contains no seal. There is no statute in terms requiring the clerk to affix the county seal to such instruments, and it is not affixed to the warrants sued on; so that the question of the period required to bar sealed instruments does not arise in this case." So in Pelton v. Crawford Co., 10 Wis. 63, the court held a county order a simple contract, and barred in six years from its presentation for payment; but the effect of the county seal upon such an instrument was not involved or considered, for under the laws of that state county orders or warrants have never been sealed, nor required to be sealed. It was contended that the order was a specialty, because in the nature of a judgment, but the court held otherwise.

But our statute does expressly require the seal to be affixed to each warrant. Section 603, Comp. Laws. The seal thus to be attached is not the official seal of the attesting clerk or auditor, as intimated by appellant, but the seal of the county, the contracting principal. Section 578 provides that "the board of county commissioners shall procure and keep a seal, * * * which shall be the seal of the county, * * * and the impression of the seal shall be sufficient sealing in all cases where sealing is required." Under a similar law it has been held that a warrant is

not valid unless the county seal is duly affixed. Springer v. Clay Co., 35 Iowa, 241; Smeltzer v. White, 92 U. S. 390. Section 696, Comp. Laws, authorizes counties to issue bonds running from 5 to 15 years. They are to be executed by the county in the same manner as county warrants. I think it would not be questioned that such bonds were sealed instruments, and might, under our statute, be sued upon at any time within 20 years. City of Kenosha v. Lamson, 9 Wall. 477; City of Lexington v. Butler, 14 Wall. 282. But what determines that as to the two instruments, whose execution is precisely alike, one is a sealed instrument, and the other is not? Just here the inquiry is pertinent, how could the county execute a specialty, if such execution is not sufficient? The only distinction between a specialty and a simple contract is that one is under seal and the other is not. 1 Pars. Cont. 7. Suppose the law in terms required a conveyance of real estate by the county or any other particular contract to be executed "under seal," what act, either of signing or sealing, would be requisite other than or different from what appears upon these warrants? Dinsmore v. Duncan, 57 N. Y. 573, is cited by appellant as an authority against holding these county warrants to be sealed instruments. The subject of the action there was a treasury note of the United States, stolen from the express company while being transmitted from one place to another, and afterwards sold to a purchaser, who bought in good faith and for value; and the question was, was the note negotiable, so as to give the buyer the rights of an innocent purchaser? Against its negotiability it was urged that it was executed under seal, and the opinion, referring to Clark v. Manufacturing Co., *supra*, and Steele v. Manufacturing Co., *supra*, says: "These cases refer to private obligations between individuals. They are not to be extended to the case of public securities, like those issued by the government, and intended to seek for a market throughout the civilized world. The seal was not placed there to restrain their negotiability, but rather to stamp them as genuine wherever they might be in circulation." The remark as to the purpose of the seal is significant in connection with the fact that the seal used was not the seal of the bounden party,—the United States,—but simply the seal of a subservient

department or officer, charged with the immediate and formal duty of putting out the note. The use of the seal of the treasury department might well be taken to mean less in respect to the character of the instrument than would the use of the proper seal of the government, and might be intended only to stamp the paper as genuine. At all events, it is evident that our territorial legislature understood that such an execution as is prescribed for bonds and warrants would render them specialties, and thought it necessary to provide against resulting consequences as to the negotiability of such bonds, for it is particularly declared by the act authorizing their issue that bonds so executed should "in law be considered negotiable." We conclude that these warrants, signed by the chairman of the board, attested by the county clerk, with the seal of the county attached, were "sealed instruments," within the meaning of said section 4849, and therefore not barred by the statute of limitations. We reach this conclusion reluctantly, for we incline to the belief that it would not be unfair towards the holders of warrants, and would be in the interest of the taxpayers of the state, to require county warrants to be conclusively and finally disposed of within a much shorter term than 20 years, and before the means of contesting their validity would ordinarily have passed out of reach. If the legislature should be of the same opinion, the law can be easily changed. It would not seem, however, that this holding that a county warrant is a sealed instrument would affect any other question than the one immediately considered in this case. A general statute (section 3549, Comp. Laws,) abolishes "all distinctions between sealed and unsealed instruments;" and section 3538 puts all written instruments, whether sealed or unsealed, upon a parity, in respect to the question of consideration, by making every written instrument "presumptive evidence of a consideration."

The second point of appellant is that the complaint, counting on the warrants alone as the evidence of indebtedness, does not state facts constituting a cause of action. The contention is that the only proper function of a county warrant is to draw funds from the county treasury, and that upon it alone an action cannot be maintained. We cannot concur in this view. The statute is

very explicit as to how a claim against a county shall be presented and passed upon by its board of county commissioners. The duty of the board is to judicially investigate the validity and justice of the claim, and to allow or disallow the same in whole or in part, as to such board shall appear just or lawful. Section 802, Comp. Laws. While the immediate purpose of the warrant is to enable the claimant to whom it is delivered to draw from the county treasury the amount of money therein named, yet it rests upon, and its issue and payment could only be justified upon, the theory that, after a full investigation, the county had found itself to be so indebted; so that the warrant is a formal and deliberate acknowledgment by the county of such indebtedness. In Board of Com'rs v. Day, 19 Ind. 450, it was said that a county warrant issued by the county auditor who was authorized to audit claims against the county, and to draw his warrant upon the treasurer for the payment, was, "in legal effect, the promissory note of the county." It lacks the quality of negotiability, of course, but we think it is an evidence of indebtedness, and of itself makes a *prima facie* cause of action. We so held as to district school warrants in Mortgage Co. v. City of Mitchell, (S. D.) 48 N. W. Rep. 131. In Savage v. Crawford Co., 10 Wis. 49, the action was distinctly upon county orders, and the court held that it was properly brought. Commissioners v. Keller, 6 Kan. 510, was an action on a county warrant, and it was contended that no action could be maintained on the warrant, but should have been brought on the claim, and its allowance by the board. The court said: "The action was on the warrant, and such an action may be maintained. The warrant drawn on the treasurer is *prima facie* evidence of the indebtedness of the county." In Clark v. Polk Co., 19 Iowa, 248, the court held that, while county warrants were not negotiable under the law merchant, still they might be sued upon, and an action maintained thereon, either by the original payee or his assignee. See, also, in support of the right of the holder to maintain an action upon the warrant itself. Brown v. Town of Jacobs, (Wis.) 45 N. W. Rep. 679; Terry v. Milwaukee, 15 Wis. 490; International Bank v. Franklin Co., 65 Mo. 105; City of Scranton v. Hyde Park Gas Co., 102 Pa. St. 382; Grayson v. Latham, (Ala.)

4 South. Rep. 200; People v. Clark Co., 50 Ill. 213. We are reminded by appellant's counsel that this is not the rule in California, and we think, too, that such an action could not be maintained in Mississippi, and perhaps elsewhere; but we are satisfied that the understanding generally prevails that municipal warrants have a market value as *prima facie* causes of action against the makers. They are so bought and sold to the advantage of both parties to the transaction, and we do not think that either the law or reason or the public good requires us to disturb or unsettle such belief within this jurisdiction.

Appellant's remaining point is that, having in his answer denied the alleged transfer to and ownership by the respondent, the mere possession of and presentation by respondent at the trial was not sufficient evidence of the assignment and ownership. There being no other evidence as to ownership, there is here no question of preponderance, but simply, did possession of and dominion over these warrants tend to prove title? As possession is usually an incident of ownership, unexplained possession is always some evidence of ownership. It may be very slight, and easily overcome, but actual possession is a fact, and, in the absence of other facts, it will be presumed to be rightful. These warrants were in form payable to bearer. They were in the possession of and presented by respondent, and were received from him without objection. In the absence of any evidence whatever tending to question respondent's ownership, or tending to show that his absolute possession ought not to support the usual presumption, we think his ownership was sufficiently maintained until attacked by some evidence. Finding no error in the record, the judgment is affirmed. All the judges concurring.