ROBINSON, Appellant, v. PIERRE INDEPENDENT SCHOOL DISTRICT, Respondent.

(223 N. W. 324.)

(File No. 6342.   Opinion filed February 2, 1929.)

*Fuller & Robinson,* of Pierre, for Appellant.

*Harry R. Horner,* of Pierre, for Respondent.

CAMPBELL, J.   Plaintiff instituted this action to recover the sum of $1,673.33, claimed to be due from defendant by virtue of a certain bond in the sum of $1,000, with interest coupons attached, issued September 20, 1890, alleging that said bond was owned by William P. Mallory at the time of his death, and the appointment and qualification of plaintiff as special administrator of his estate by the county court of Hughes county, S. D.   By way of answer the defendant interposed a general denial, admitted the execution and issuance of the bond, and set up a number of affirmative defenses, including payment and illegality of the bond issue in its inception.

At the trial plaintiff introduced the record of the county court of Hughes county, S. D., showing his appointment and qualification as special administrator.   He had in his manual possession the bond sued upon, which, by its terms, was payable to bearer, and offered the same in evidence, and it was received.   Plaintiff also testified without objection as follows:   "I hold in my hand a certain document with a certain bond alleged in the complaint in this action (describing the bond), which for a while was given into my hands as special administrator of the estate of William P. Mallory, deceased, and which bond was among the effects of William P. Mallory and of which he was the owner at the time of his decease."   Plaintiff also testified that he received physical possession of the bond from one Binford of the First National Bank of Pierre a short time previously to testifying, and that he did not have physical possession of the bond when the action was commenced, and that the bond was turned over to him unconditionally.

Thereupon, by consent, defendant called Mr. Binford, who testified that he was vice president of the First National Bank of Pierre; that he had seen the bond before; that it had been sent to the First National Bank of Pierre by the Bank of Montreal in Ontario; that it was received in regular course of mail with a letter from the Bank of Montreal instructing the First National Bank of Pierre to deliver the bond to Fuller & Robinson upon the receipt of $1,155, which had not been paid; that he had now delivered the bond to plaintiff as special administrator, but understood that the delivery was temporary for the purposes of the trial; and on cross-examination the witness testified that he had recently received a telegram from the Bank of Montreal to deliver the bond to plaintiff as special administrator and take his receipt therefor.

The witness Binford was asked: "Who is the present owner and holder of that bond as far as you know?" Objection was made, and the question was withdrawn, and the following question substituted: "I will ask you to state whether you know who is the present owner and holder of that bond?" Instead of answering this question according to its terms, the witness volunteered the following reply: "As far as I know the Bank of Montreal, we are acting as their agent here." It is entirely apparent from the other testimony of this witness that he was not only volunteering an answer utterly uncalled for by the question asked, but that, as a matter of fact, he knew nothing whatever about the matter, except that the bond had been transmitted to his bank by the bank in Canada (where, according to the record, Mallory, the decedent, had lived at the time of his decease) with a letter directing that the bond be turned over to Fuller & Robinson on payment of $1,155, and that the Pierre bank subsequently received a telegram from the Canada bank instructing them to deliver the bond to plaintiff as special administrator and take his receipt for it.

Plaintiff having rested, defendant moved for a directed verdict, which was granted by the court in the following language:

"At this time I will direct a verdict for the defendant, on the ground that the evidence herein submitted shows that this bond is in the possession of the First National Bank, the agent of the Bank of Montreal, and was only to be delivered to the firm of which plaintiff is a member on the payment of a certain sum of money and that the bond upon its face is payable to bearer and there being

no indication therein of the ownership of the bond the presumption of law is that the bond belongs to the Bank of Montreal from all the testimony submitted in this case and if it belongs to the Bank of Montreal the administrator of the estate of William P. Mallory, deceased, would have no authority to bring this action, and a verdict will be directed for the defendant and against the plaintiff, and all exceptions are allowed and a stay of proceedings for sixty days."

From judgment entered pursuant to the verdict so directed, and from an order denying his application for new trial, plaintiff has appealed.

We think several errors are presented by the record, but there is only one that needs to be considered herein. The court committed very palpable error in directing the verdict. There is no question but that plaintiff appeared at the trial as the bearer and holder of the bond in question, which (the bond being payable to bearer) raised a presmption of his ownership and right to sue thereon in his capacity as special administrator. See Heffleman v. Pennington County, 3 S. D. 162, 52 N. W. 851. But in this case plaintiff did not need to depend on that presumption. There was in the record the positive and affirmative testimony of plaintiff, introduced without objection and uncontradicted, to the effect that the bond in question was among the effects of William P. Mallory, and that said Mallory was the owner thereof at the time of his decease, and that it was given into the hands of plaintiff as special administrator of his estate. The testimony of Binford to the effect that the bond was transmitted by a bank in Canada, where Mallory lived at the time of his death, to the Pierre bank, with telegraphic directions to deliver to plaintiff as special administrator of the Mallory estate and take his receipt therefor, was in no manner inconsistent with ownership of the bond by the Mallory estate, and, in any event, in view of the direct and positive testimony of plaintiff, regardless of any presumptions, as to the ownership of the bond by the Mallory estate, the most that the testimony of Binford could possibly be held to do would be to raise a jury question.

The judgment and order appealed from are reversed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.
BROWN, J., absent and not participating.